UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-12006-GAO

LUIS S. SPENCER,
Respondent,

v.

JOSE GONZALEZ,
Petitioner.

OPINION AND ORDER
March 4, 2013

O'TOOLE, D.J.

Jose Gonzalez was convicted of first degree murder by a Massachusetts Superior Court jury, and his conviction was affirmed by the Massachusetts Supreme Judicial Court ("SJC"). The SJC also affirmed the denial of Gonzalez's motion for a new trial. Commonwealth v. Gonzalez, 824 N.E.2d 843 (Mass. 2005). Thereafter he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Proceedings on the petition were stayed at the petitioner's request to permit him to pursue a second new trial motion in the Superior Court. The Superior Court declined to act on the second motion. The petitioner attempted to appeal that declination, but it appears from the record that the attempt failed to comport with procedural requirements and no appellate review occurred.

The habeas petition was filed by the petitioner acting *pro se*. It raised a number of grounds for relief. After the stay in this case was lifted, counsel was appointed to represent the petitioner, and she filed a memorandum in support of the petition which argued only two grounds. The grounds mentioned in the petition but not argued are deemed waived. See Perkins

v. Russo, 2007 WL 2507741, at *3 (D. Mass. Aug. 31 2007); Smiley v. Maloney, 2003 WL 23327540, at *16 & n. 32 (D. Mass. Oct. 3, 2003).

The two grounds argued are that Gonzalez was deprived of the effective assistance of counsel because his trial counsel (1) called a witness in the defense case who gave harmful testimony and (2) failed to object to evidence of a reenactment of the murder that implicated the defendant.

A. Calling the Witness

The Commonwealth's case was that the murder victim had been attacked by four men, one of whom was the petitioner. In post-arrest statements to the police, Gonzalez admitted his participation in the attack but denied that he had fatally stabbed the victim. Nonetheless, it was the Commonwealth's theory at trial that Gonzalez had done the stabbing. The Commonwealth presented evidence that Gonzalez had bragged after the event that he had stabbed the victim, who "deserved it." Gonzalez, 824 N.E.2d at 847. Witnesses also said they had seen him cleaning blood off a knife.

Part of the defense strategy was to argue that, while Gonzalez had some part in the attack, he withdrew from what could be seen as a joint venture with the other assailants and did not share with them an intent to murder. See id. at 850. The goal was not necessarily acquittal but conviction of a lesser offense than first degree murder. The defense called Melissa Pierce, Gonzalez's girlfriend at the time of the murder, as a witness. She had given statements to the police and testimony before the grand jury that tended to mitigate Gonzalez's role in the assault. The SJC specifically noted, "Her prior statements, in particular her grand jury testimony, provided reason to believe that she would be a helpful witness to the defense." Id. at 853. As things turned out, however, her trial testimony varied from her prior statements and testimony

favorably to the prosecution, although counsel was able to put her prior statements and testimony in evidence for the jury's consideration.

The petitioner's claim is that the decision to call Pierce as a witness was constitutionally ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668 (1984). To demonstrate ineffective assistance of counsel, the petitioner must show both that counsel failed to act "reasonably considering all circumstances" and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cullen v. Pinholster, --- U.S. ----, 131 S.Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 688, 694). Moreover, since the claim of ineffective assistance was adjudicated in the state court proceedings, the petitioner must demonstrate that the adjudication either was "an unreasonable application of" the Strickland standard or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). See also, Cullen, 131 S. Ct. at 1398. Additionally, the state court's factual determinations are presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This Court's review is thus "doubly deferential," both to trial counsel's reasonable tactical choices and to the SJC's factual determinations. Cullen, 131 S. Ct. at 1403.

The SJC's factual determination that the decision to call Pierce as a witness was a reasonable tactical choice in light of her prior statements and testimony has not been rebutted by clear and convincing evidence, and therefore it must be presumed correct. The petitioner relies heavily on an affidavit by Gonzalez's trial counsel that was presented to the Superior Court in connection with Gonzalez's second motion for a new trial. That affidavit was not part of the record considered by the SJC, and therefore cannot be used to evaluate whether the SJC's

3

rejection of the ineffective assistance claim was, under § 2254(d)(1), an "unreasonable application of" the Strickland standard. Cullen, 131 S. Ct. at 1398.

According to Strickland,

> [t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

466 U.S. at 686. The petitioner falls far short of establishing that benchmark. The SJC 's finding that there was "a reasonable strategic basis" for calling Pierce as a witness, 824 N.E.2d at 853, standing unrebutted, is presumed correct, and the Strickland inquiry ends there.

The petitioner's other argument is that counsel was ineffective in failing to object to the admission of evidence of a reenactment of the murder that implicated Gonzalez as the stabber. After the attack, the other three participants demonstrated how the attack took place. In their reenactment, Gonzalez was portrayed repeatedly stabbing the victim. There was conflicting evidence whether Gonzalez was present when the reenactment was done. If he was present, he made no protest or objection. The SJC ruled that since the jury could have found he was present, they could also have treated his failure to contradict the account as an adoptive admission of the assertion that he had done the stabbing. See Gonzalez, 824 N.E. 2d at 848-49. Consequently, the admission of the evidence (which was the petitioner's principal argument on appeal) was not erroneous. If the evidence was properly admitted, it could not have been ineffective assistance to have failed to object, nor could the admission have resulted in prejudice in the sense that the jury considered, and perhaps relied on, inadmissible evidence.

Gonzalez argues further that the evidence violated his Sixth Amendment Confrontation Clause right not to have hearsay testimonial assertions introduced against him. But, as the SJC pointed out, id., if the petitioner was present at the reenactment, the evidence was not

4

inadmissible hearsay but the defendant's *own* adoptive admission. Cf. Federal Rule of Evidence 801(d)(2)(B). The Confrontation Clause is not implicated by a defendant's own admission.

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Because the petitioner has not made "a substantial showing of the denial of a constitutional right, a certificate of appealability is also DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge